IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01640-REB-MEH

PEAK BANKS OF COLORADO, INC., a Colorado corporation,
THOMAS L. HARTLEY,

        Plaintiffs,

v.

OMAHA FINANCIAL HOLDINGS, INC., a Nebraska corporation

        Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

To expedite the flow of discovery material, facilitate the prompt resolution of discovery disputes, and protect the confidentiality of documents produced or information disclosed, the production of which could harm Plaintiffs, Defendant and/or non-parties, Plaintiffs and Defendant stipulate as follows:

The parties will follow the procedures set forth in this Stipulated Protective Order ("Protective Order") with respect to disclosure of information, documents, or things in this litigation:

**1.     Confidential Information.**

(a)     As used in this Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing, that a party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (d) below. CONFIDENTIAL INFORMATION shall include party information of a personal or confidential nature as well as non-party information of a personal or confidential nature that either party is obligated to protect from public disclosure, including information that counsel for the designating party has determined, in good faith, constitutes non-public Confidential proprietary data, trade secrets, proprietary business information, research, development, personnel information, commercial information, private financial information, and/or processes and policies. A lawyer for the designating party must designate the information as confidential only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection. Any party's failure to object to the designation as to any material shall not be deemed an admission that such material constitutes confidential material or is otherwise properly protectable.

(b)     A party may designate documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, subpoena duces tecum, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure as CONFIDENTIAL INFORMATION by stamping the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by

a receiving party (the "Recipient Party"), its agents, or its employees, except in accordance with the terms of this Protective Order.

(c)     In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

(d)     To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or, within thirty (30) days after the deposition transcript is delivered to the Designating Party, providing to all counsel written notice identifying the specific pages of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION.  All deposition transcripts shall be treated as CONFIDENTIAL INFORMATION until the expiration of the thirty-day period.  The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Protective Order.  All parties shall mark their copies of the transcript by stamping the word "CONFIDENTIAL" upon every page so designated.

(e)     Documents, testimony, evidence, and other matters shall not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter has been made available to the Recipient Party, other than through the discovery process, by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

(f)     Inadvertent production of any information, document, transcript, or thing without a designation of CONFIDENTIAL shall not in and of itself be deemed a waiver of

any party's claim of confidentiality as to such matter. If any information, document, transcript, or thing claimed to be CONFIDENTIAL is inadvertently produced without that designation, the producing party shall notify the Recipient Party within a reasonable time. All parties shall use their best efforts to protect the confidentiality of that information. Upon receipt of notice that CONFIDENTIAL INFORMATION was produced inadvertently without an appropriate initial designation of confidentiality, the Recipient Party shall thereafter (1) treat such information as CONFIDENTIAL INFORMATION pursuant to the terms of this Protective Order, and (2) use its best efforts to retrieve such materials or correct the effects of any use or disclosure of such CONFIDENTIAL INFORMATION based upon the earlier mistaken view that such materials were not confidential.

(g)     CONFIDENTIAL INFORMATION shall not be disclosed except to Qualified Persons as listed below:

   (i)     the attorneys for the parties in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

   (ii)    parties or employees, agents, or representatives of a party who are assisting with or who are needed to assist with prosecution or defense of the claims asserted in this action;

   (iii)   court reporters, court officials and court personnel involved in this action;

   (iv)   experts, consultants and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement in the form attached as Exhibit A; and

>     (v)     any other non-party witnesses or deponents who have executed a Confidentiality Agreement in the form attached as Exhibit A, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the Qualified Persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose. Nothing in this Protective Order shall prevent the Designating Party from any use of its own confidential documents. CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing opinions or testimony of such person or persons. CONFIDENTIAL INFORMATION provided to a Recipient Party shall be securely maintained in the offices of that party's outside counsel. Each party's outside counsel shall maintain a log of all copies of CONFIDENTIAL INFORMATION in document form which are delivered to any one or more Qualified Person(s), other than outside counsel and the clerical, secretarial and other staff employed or retained by such counsel. The log shall contain the name and address of the person to whom CONFIDENTIAL INFORMATION was disclosed, and shall identify under what provision of this Protective Order the person is a Qualified Person. The log shall not be discoverable in this case or other litigation. A Party may seek discovery of another Party's log only if there are good faith allegations of breach of this agreement and order. Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use

of all such information. In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

(h)  CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Protective Order.

(i)  If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph (g) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

2.  **No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information.

3.  **Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if: (a) individuals not authorized under the terms of this Order to receive Confidential Information are excluded from the room in which the deposition is conducted while Confidential Information is being discussed; and, (b) counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material or, alternatively, the witness executes the

Confidentiality Agreement in the form of Exhibit A.  If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

4. **Use in Briefs and as Exhibits.**

If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, the party filing the material shall submit the document containing CONFIDENTIAL INFORMATION under seal in accordance with D.C.COLO.LCivR 7.2 and D.C.COLO.LCivR 7.3.

5. **Application of this Protective Order.**

(a) This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other documents or information that comprise, embody, summarize, discuss, or quote from any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION, or any other material designated CONFIDENTIAL, including memoranda or work product prepared by counsel, their staff, or authorized outside consultants or experts.

(b)     Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Order with respect to specific documents or information.

6.     **Confidentiality Challenge.**

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

7. **Return of Inadvertently produced privileged or protected documents.**

Inadvertent disclosure and/or production of documents claimed to be subject to either the attorney-client privilege or work product doctrine does not waive the applicability of such privilege or doctrine either generally or relative to the inadvertently disclosed and/or produced documents. Consistent with CBA Ethics Opinion 108, if any such documents are inadvertently disclosed to the receiving party by the producing party, the producing party may request that the receiving party return such documents to the producing party, and the receiving party must immediately comply by, to the extent reasonably practicable and consistent with the format used by the producing party to produce the documents, returning such documents and destroying any copies, notes or memoranda concerning the privileged information. If, however, the receiving party disagrees with the claim of privilege or work-product protection as to an inadvertently disclosed and/or produced document, the receiving party may object to the return of the document by giving written notice to the party claiming the privilege. The written notice shall identify the document to which the objection is made. If the parties cannot resolve the objection within twenty (20) business days after the time the notice is received, it shall be the obligation of the party claiming the privilege or protection to file an appropriate motion requesting that the Court determine the validity of the privilege or protection claim. If the party claiming the privilege or protection fails to file such a motion within the prescribed time, the receiving party may retain the disputed document, which shall not thereafter be treated as privileged or protected. In connection with a motion filed under this provision, the party claiming the privilege or protection shall bear the burden of establishing that good cause exists for the disputed document to be

treated as privileged or protected.  The disputed document shall be treated as privileged or protected until either the Court rules on the motion filed under this provision, or the time for filing such a motion has expired.

8. **Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege.  The parties to this Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if any, shall be determined in the future.

9. **Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without prejudice to the continued application of this Protective Order regarding other uses of that CONFIDENTIAL INFORMATION.

10. **Modification.**

This Protective Order may be modified by Order of the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. **Non-Parties.**

A non-party who produces any information, documents or things in this litigation that it wishes to be treated as CONFIDENTIAL may become a party to the Protective Order, by signing a copy of it and giving prompt notice to all other parties in this case, but doing so shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party or any other third party. A non-party may also designate as CONFIDENTIAL any information, documents, or things produced by that third-party in this litigation pursuant to the terms of this Protective Order.

12. **Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall either return or destroy all CONFIDENTIAL INFORMATION the parties produced during this case, and all copies of such CONFIDENTIAL INFORMATION, within thirty (30) days of a written request from the Designating Party, which notice shall be given within thirty (30) days after said final disposition of this case, except that counsel may retain one copy of such CONFIDENTIAL INFORMATION to maintain a complete file.

DATED this 23rd day of September, 2009.

BY THE COURT:

*Michael E. Hegarty*

Honorable Judge Michael E. Hegarty
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Joshua F. Bugos | s/ Megan A. Jones |
| Gregory B. Kanan | Hugh Q. Gottschalk |
| Joshua F. Bugos | Megan A. Jones |
| Rothgerber Johnson & Lyons LLP | Wheeler Trigg O'Donnell, LLP |
| 11200 17th Street, Suite 3000 | 1801 California Street, Suite 3600 |
| Denver, Colorado 80202-5855 | Denver, Colorado 80202 |
| Telephone: (303) 623-9000 | Telephone : (303) 244-1800 |
| Facsimile:  (303) 623-9222 | Facsimile:  (303) 244-1879 |
| **ATTORNEYS FOR PLAINTIFFS PEAK BANKS OF COLORADO, INC. and THOMAS L. HARTLEY** | **ATTORNEYS FOR DEFENDANT OMAHA FINANCIAL HOLDINGS, INC.** |

## AGREEMENT
## (EXHIBIT A)

I, _____, hereby acknowledge that I have received a copy of the Protective Order dated _____ in the action <u>Peak Banks of Colorado, Inc. and Thomas L. Hartley v. Omaha Financial Holdings, Inc.</u>, Civil Action No. 09-cv-01640-REB-MEH in the United States District Court for the District of Colorado (the "Protective Order"), that I have read the Protective Order, and that I agree to be bound by its terms. I further submit to the jurisdiction of the United States District Court for the District of Colorado for the purposes of this agreement.

_____

859877v.5